UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BENJAMIN TICKLE**                                **CIVIL ACTION**

**VERSUS**                                          **NO. 15-6758**

**SERGEANT SIDNEY SMITH, ET AL.**                   **Section "B" (3)**

ORDER AND REASONS

Before the Court are the Defendant Officers' ("Officers") Motion for Partial Dismissal under Federal Rule of Civil Procedure 12(b)(6) or Motion for Summary Judgment (Rec. Doc. 11) and Defendant Charles Ballay's ("Ballay" or "DA") Motion to Dismiss (Rec. Doc. 16). Plaintiff Benjamin Tickle ("Tickle" or "Plaintiff") opposes both motions. Rec. Docs. 14 and 23. The Defendants filed replies to both Oppositions. Rec. Doc. 22 and 26. For the reasons outlined below,

**IT IS ORDERED** that the Officers' Motion for Partial Dismissal is **GRANTED.**

**IT IS FURTHER ORDERED** that Ballay's Motion to Dismiss is **GRANTED.**

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff alleges that in September of 2012, he, his wife, and a friend were attempting to take a ferry to check Plaintiff's property during a state of emergency related to Hurricane Isaac.

1

Rec. Doc. 5 at 3. While speaking with the Officers at the ferry landing, Plaintiff asserts that one of the Defendant Officers seized Plaintiff's weapon. Rec. Doc. 5 at 3. Plaintiff then allegedly told the Officers that he owned the weapon and that he wanted it back. Rec. Doc. 5 at 3. The Officers, under alleged "officer safety," requested that they store the weapons in the cab of the truck in which the Plaintiff, his wife, and his friend arrived. Rec. Doc. 5 at 3. At this point, Plaintiff contends that the Defendant Officers used this opportunity to search the vehicle. Rec. Doc. 5 at 3. Throughout this encounter, the Officers allegedly detained Plaintiff and his colleagues in heat and humidity for ninety minutes, even though no evidence of a crime existed. Rec. Doc. 5 at 3. The Defendant Officers then allegedly searched Plaintiff's wife's purse and the cab of the car. Rec. Doc. 5 at 3. During this search, the Defendant Officers found marijuana in the purse. Rec. Doc. 5 at 3. They then arrested all parties. Rec. Doc. 5 at 5. The Defendant Officers took Plaintiff to Angola prison for three days, where he purportedly became ill from the food and water served. Rec. Doc. 5 at 5.

Following these events, the Plaquemine Parish District Attorney, Ballay, instituted charges against Plaintiff. Rec. Doc. 5 at 5. The charges included possession of drugs and a charge regarding concealed handguns. Rec. Doc. 5 at 5. Plaintiff's case

ended in acquittal three years after the initial arrest. Rec. Doc. 5 at 6. Plaintiff filed suit against the Officers for assault, battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and for damages under 42 U.S.C. § 1983. Rec. Doc. 5 at 7-10. Plaintiff also included a state law claim of malicious prosecution against Ballay in his official capacity. Rec. Doc. 5 at 13.

Plaintiff filed his initial Complaint in December of 2015. Rec. Doc. 1. Plaintiff then amended the Complaint in March of 2016 to include the Sheriff of Plaquemine Parish in his official capacity as a defendant and to add a section regarding the prescriptive period and contra non valentem. Rec. Doc. 5. Defendant Officers filed the instant motion to dismiss the battery, false arrest, intentional and negligent inflictions of emotional distress, and the § 1983 claims. Rec. Doc. 11. Defendant Ballay filed the instant motion to dismiss the malicious prosecution claim. Rec. Doc. 16 at 1.

**II.   CONTENTIONS OF MOVANTS**

In the Motion for Partial Dismissal under 12(b)(6) or Motion for Summary Judgment, the Officers contend that all of the Plaintiff's claims against them have prescribed. Rec. Doc. 11-1 at 4. For claims under 42 U.S.C. § 1983, the limitations period is the same as the prescriptive period for Louisiana delictual

actions—one year. Rec. Doc. 11-1 at 3. The Officers state that the limitation period began to run when they arrested Plaintiff because that was when he knew of the injury that serves as the basis of this action. Rec. Doc. 11-1 at 3. Because the Plaintiff was arrested in September of 2012, the limitations period expired in September of 2013. Rec. Doc. 11-1 at 3. Therefore, the limitations period ended two years prior to the filing of the claim. Rec. Doc. 11-1 at 4.

In the Motion to Dismiss on behalf of Charles J. Ballay, Ballay provides multiple contentions. Rec. Doc. 16-1. The first is that the amended Complaint fails to state a claim against Ballay in his Official Capacity because it does not provide the official policy or custom that led to the harm. Rec. Doc. 16-1 at 6. Next, Ballay claims that as District Attorney he is absolutely immune from civil suit under state law when acting in his role as the State's advocate. Rec. Doc. 16-1 at 7. Ballay also argues that he is immune under the Eleventh Amendment. Rec. Doc. 16-1 at 9. Ballay contends that the malicious prosecution claim has also prescribed because the acts occurred more than one year prior to filing the suit. Rec. Doc. 16-1 at 10. Finally, Ballay states that there are no valid federal claims present because of the Officers' Motion to Dismiss under 12(b)(6) (Rec. Doc. 11-1), meaning there are no claims supporting Federal jurisdiction. Rec. Doc. 16-1 at 10.q45

4

In the respective reply memoranda, both Defendant Officers and Ballay contend that Plaintiff's oppositions are insufficient and lack merit. Rec. Docs. 22 and 26.

### III. CONTENTIONS OF NON-MOVANT

In regards to the Officers' Motion to Dismiss (Rec. Doc. 11), Plaintiff contends that the exception to prescription of *contra non valentem* should apply in this case. Rec. Doc. 14 at 2. Plaintiff claims that his inability to act was brought about by the defendant's actions. Rec. Doc. 14 at 2. Because of the arrest and criminal charges, he argues it was foreseeable that he would receive poor advice regarding filing a civil suit. Rec. Doc. 14 at 3. This poor advice, allegedly caused by the Defendant Officers actions, thus prevented Plaintiff from filing the civil suit. Rec. Doc. 14 at 3. Alternatively, Plaintiff contends that, much like the solidary liability of tortfeasors with doctors who commit medical malpractice on a victim of tortious conduct, the defendants in this case should be solidarily liable for the allegedly poor advice of legal counsel. Rec. Doc. 14 at 3. Plaintiff contends that if the defendants had not wrongfully arrested Plaintiff and submitted him to criminal proceedings, the Plaintiff's previous criminal defense counsel would not have advised him to wait until after the criminal proceedings to file this civil suit. Rec. Doc. 14 at 2-3. The Plaintiff further contends that this alleged advice

5

was foreseeable to the defendants when they charged him. Rec. Doc. 14 at 3. Therefore, he argues that this claim should not be dismissed on prescription grounds.

In regards to the Motion to Dismiss on Behalf of Charles J. Ballay, Plaintiff contends that Ballay's argument of insufficient allegations in the complaint is incorrect because the portion Ballay cited was simply a more concise statement of the detailed argument Plaintiff later provides. Rec. Doc. 23 at 2. The Plaintiff also contends that he made no claim that required proof of a custom or policy. Rec. Doc. 23 at 2. He further argues that the District Attorney's office is not immune under the Eleventh Amendment because it fails to meet the six factor test in *Clark v. Tarrant County,* 798 F.2d 736, 744-745 (5th Cir. 1986). Rec. Doc. 23 at 5. In regards to prescription, Plaintiff states that the prescriptive period begins to run when the criminal suit ends because this is an element of the claim itself. Rec. Doc. 23 at 7. Finally, the Plaintiff contends that Ballay's statements regarding the lack of federal claims are premature because the Motion to Dismiss on these claims has not been ruled on. Rec. Doc. 23 at 7.

**IV.   LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) allows a Defendant to challenge whether the Plaintiff has stated a claim for relief. It is established that such motions are rarely granted because

they are viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.,* 177 F.3d 242, 247 (5th Cir. 1997). The court must accept as true all well-pleaded facts and view them in the plaintiff's favor. *Watson v. Texas,* 261 F.3d 436, 441 (5th Cir. 2001) (citing *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that 'is plausible on its face'." *Ashcroft v. Iqbal*, 566 U.S. 662, 679 (2009)(citing *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007)).

### A.   **The Officer Defendants' Motion to Dismiss**

The first issue to consider is whether or not the prescriptive period for the Plaintiff's claims against the Officers has expired. Section 1983 provides redress for citizens who have had their Constitutional or legal rights, privileges, or immunities deprived by any "person . . . under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. Because no limitations period is provided by the statute we look to 42 U.S.C. § 1988, which states that "where [statutes] . . . are deficient in the provisions necessary to furnish suitable remedies" the statutes of the States will govern. The only potential prescriptive period for a § 1983 claim is Louisiana Civil Code article 3492. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Article 3492 states: "Delictual actions are subject to

a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." LA. CIV. CODE ANN. Art. 3492. Additionally, for the battery, false arrest, and intentional and negligent infliction of emotional distress claims the prescriptive period is one year because they are all delictual actions. *See* 12 WILLIAM E. CRAWFORD, LA. CIV. L. TREATISE, TORT LAW § 12:6, 7-9; § 28:3. A cause of action under § 1983 accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992).

In this case, there is no dispute that the Plaintiff knew or had reason to know of the injury at the time of the arrest and other events in September of 2012. Therefore, the typical prescriptive period for all of the claims against the Officers would be one year from this date. *See* LA. CIV. CODE ANN. ART. 3492 (1992). However, the Plaintiff claims that the defense of *contra non valentem* should apply here. Rec. Doc. 14 at 2. *Contra non valentem* arises "where plaintiff's inability to act is due to the defendant's willful or negligent conduct." *Corsey v. State, Department of Corrections*, 375 So.2d 1319, 1321 (La. 1979). Plaintiff claims that he couldn't file the civil suit within the prescriptive period because of the actions of the defendant. Rec. Doc. 14 at 3. Plaintiff's criminal defense counsel gave him

allegedly poor advice to not file this civil claim until the end of the criminal case. Rec. Doc. 14 at 3. Additionally, Plaintiff has little or no knowledge of legal practice. Rec. Doc. 14 at 2. Plaintiff believes that if the Officers had not arrested Plaintiff, then the attorney would not have given him allegedly poor advice. Rec. Doc. 14 at 2-3.

The advice of Plaintiff's previous counsel dealt with the timing of the filing of suit, not the possibility or ability of the Plaintiff to do so.[1] It is clear that Plaintiff was capable of filing suit during the criminal period, but his previous counsel advised against it. Further, there are neither facts nor law to support Plaintiff's contention that the Defendant Officers should have foreseen or even be held accountable for Plaintiff's own counsel's advice. Because this situation did not involve Plaintiff's inability to act, *contra non valentem* does not apply. *See Coursey,* 375 So.2d at 1321.

Alternatively, Plaintiff claims that the officer should be solidarily liable with his previous attorney based upon an ease of association between the parties' conduct. Rec. Doc. 14 at 3. Plaintiff supports this theory by analogizing to a similar doctrine holding tortfeasors solidarily liable for injuries caused by

---

[1] Plaintiff's previous counsel allegedly advised against filing the civil suit "during the pendency of the criminal matter." Rec. Doc. 14 at 2.

9

medical malpractice. Rec. Doc. 14 at 3-4. Plaintiff provides no law that supports extension, and the court sees no merit in extending this doctrine here. Moreover, Plaintiff has not submitted a legal malpractice claim with which to hold the Defendant Officers solidary liable, making the analogy inapt. Accordingly, this court finds no merit to this argument and considers all claims prescribed. Therefore, they must be dismissed.

### B.     Defendant Ballay's Motion to Dismiss

In regards to Ballay's Motion to Dismiss, the initial inquiry is the effect dismissal of all federal law claims has on supplemental jurisdiction. Federal courts have "supplemental jurisdiction over all other claims that are so related" to the federal claims that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In this case, the § 1983 claim was the only claim with original jurisdiction. Rec. Doc. 5 at 10. All other claims were state law claims that were part of the same case or controversy. Rec. Doc. 5 at 7-13. Further, the District Attorney is immune from § 1983 liability for prosecutorial conduct where, as here, the actions taken were part of the prosecution's role as advocate. Additionally, this court recognizes that it is not obvious that

malicious prosecution is part of the same case or controversy of the original claims. District courts can decline supplemental jurisdiction over state claims if the court has dismissed all claims over which it has original federal jurisdiction. 28 U.S.C. § 1367(c)(3). That discretion is exercised here over any remaining state based claims, which are best left for disposition in the state court system.

## V. CONCLUSION

For the reasons enumerated above,

**IT IS ORDERED** that the Officers' Motion for Partial Dismissal is **GRANTED** as to all federal and state claims because prescription has run for all claims against these Defendants.

**IT IS FURTHER ORDERED** that Ballay's Motion to Dismiss is **GRANTED** on all federal claims; all state law claims against Ballay are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to seek available state court relief.

New Orleans, Louisiana, this 21st day of June, 2016.

UNITED STATES DISTRICT JUDGE